## CHARLESTON.

MATT HEATON *v.* COMPENSATION COMMISSIONER

(No. 6368)

Submitted January 9, 1929. Decided January 15, 1929.

*Guy H. Burnside,* for appellant.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

LITZ, JUDGE:

This is an appeal by an injured employee from the ruling of the commission (composed of the Governor, Commissioner

of Health and Commissioner of Labor, and commonly called the compensation appeal board), affirming the action of the compensation commissioner in refusing to grant a third award to the claimant, Matt Heaton.

August 29, 1926, while the claimant was charging an electric storage battery, in the course of his employment as a servant of the Washington Irving Coal Company, the battery exploded, causing sulphuric acid therefrom to be cast into his eyes, which resulted, as he claims, in almost total blindness of the left eye and material impairment of the vision of the right eye. A. F. Post, his family physician, administered first-aid to Heaton about an hour after the injury and referred him to an eye specialist for further treatment.

Two awards have been made and paid by the compensation commissioner to the claimant, the first for $20.57 and the second for $16.00 per week during a period of eighty weeks, calculated on twenty per centum disability. The basis of the application here involved for a third award is that the claimant has sustained more than twenty per centum disability from the injury. Relief having been denied, upon this application, by the compensation commissioner, the employee appealed to the compensation appeal board without avail. Numerous affidavits and statements of experts and laymen were considered by the commissioner and the appeal board upon the issues (1) as to the extent of the claimant's defective eye sight, if any, prior to the accident, (2) whether his vision was impaired by the injury complained of, and if so, (3) to what extent.

The claimant states that his eyesight and general health before the injury was good, and that his eyes were never diseased nor previously injured with the exception of an injury to the right eye in youth which left a small scar but did not materially affect its vision.

His wife, Cora Heaton, says that she never observed nor heard him say prior to the accident in question that his vision was defective.

B. E. Wadsworth, a carpenter contractor, states that he employed Heaton as assistant foreman and carpenter in building construction during the year 1923, and that in the course

of this employment, which required normal eye sight on the part of the performer, he observed nothing to indicate Heaton did not possess such vision.

Daniel F. Dienne, an agent of the Equitable Life Assurance Society, states that he had the claimant examined for insurance in 1920, and that no loss of vision in either eye was reported as the result of such examination.

Frank S. Turner, President of the Hartford Planing Mill of Clarksburg, states that he sold the claimant lumber for the construction of a house sometime prior to the accident, in payment of which the claimant, after examining the bills therefor, issued to affiant several checks; and that he observed no act by the claimant indicating defective vision on his part.

Joseph E. Hull states that some time prior to the accident he and the claimant were employed as solicitors and agents of an insurance company, which employment necessitated the reading and filling in of blank forms; that these duties as well as the preparation of reports in the course of said employment were performed by the claimant apparently without the use of eye glasses; and that so far as affiant could detect or observe claimant was then in possession of perfect vision.

H. C. Beverage, employed as telegraph operator near Heaton's place of work as a servant of the Washington Irving Coal Company, states that he understood from claimant prior to the accident that his eyes had been injured; that he did not think claimant's eye sight was then normal, although his vision seemed to be good; that claimant often asked affiant for the correct time; and that by test with the watch dial he ascertained that the claimant had better vision in his left eye, which was very nearly normal, than in the right eye.

Russell Smith, mine foreman of the Washington Irving Coal Company, states that prior to the accident Heaton had asked affiant and others on numerous occasions to clean his mining lamp as he could not see well enough to do so himself.

W. M. Phillips, also an employee of the Washington Irving Coal Company, states that the claimant had often made similar requests of him.

A. F. Yost, a practicing physician, states that he was for eight or nine years, immediately preceding the accident, the

family physician of Heaton, and that claimant never complained to affiant of defective eyesight until after this injury.

I. D. Cole, an eye specialist at Clarksburg, made three statements. In the first, dated November 13, 1926, he says he treated claimant on the date of the injury; found sulphuric acid in both eyes; and gives as his opinion that disability should have lasted five weeks. In a second statement, dated March 7, 1927, he says that an examination made on that date showed a ''dense opacity of the cornea by retinoscope, by traverse illumination and by loop examination.'' He further states: ''I decided this obstruction was not sufficient to prevent the seeing of large objects. By opthalmoscopic examination the fundus did not show sufficient pathology to justify total loss of vision, so I referred him to Dr. C. C. Jarvis for his opinion. His examination agreed with mine.'' A third statement, dated April 11, 1928, reads: ''This is to certify that Matt Heaton has vision in left eye of fingers only and the vision of the right eye is not 52/100. Cannot read with either eye. Fundus of left eye not seen very distinctly but optic nerves show marked change. Fundus of right eye also shows degenerative change in optic nerve.''

H. Alle Whistler, eye specialist of Clarksburg, in an undated statement, says: ''We examined Matt Heaton this day and find his vision as follows: Right eye less than 20/200 and can count fingers at 4 inches slowly but correctly if illuminated. Left eye cannot even count fingers if illuminated and brought close to eye, with bare light perception at 20 feet.''

C. C. Jarvis, eye specialist of Clarksburg, in a statement dated February 9, 1927, says: ''Some time last fall at the instance of Dr. I. D. Cole, I examined the left eye of Mr. Matt Heaton. At that time he complained of almost complete loss of vision in left eye. I found the cornea clear, media clear, and could find no cause to account for the loss of vision.''

O. S. Gribble, eye specialist of Clarksburg, in a statement made December 11, 1926, says that he examined claimant the next day after the accident and found as evidence of a previous injury a small scar ''in eye'' at inner cassus, following history of an accident when a child; that the acuity of the

center vision of the right eye uncorrected was 20/50, corrected 20/30; that the left eye was susceptible to light only, but that the difference between the two eyes was not the result of the injury in question; that there was no defect in the bianocular due to this injury, and that if the normal function had been disturbed it was not due to it. He further states that the claimant reported to his office on the next day after the accident with a history of having acid burn from a battery in both eyes; that he had a very active conjunctivitis with no evidence of destruction to corneal tissue; and that this condition cleared up in a few days without a scar. In a second statement, dated March 5, 1927, Dr. Gribble says: "This is to notify you that on August 30, 1926, I treated Mr. Matt Heaton of Clarksburg, W. Va., who claims to have gotten fluids from a wet battery in both eyes on August 29, 1926. He had at that time an active conjunctivitis with no evidence of loss of corneal tissue or injury to the cornea. I am of opinion that the accident has had nothing to do with his loss of vision, and I cannot change the diagnosis in the case."

J. P. Wiltner, eye specialist of Charleston, in a statement dated December 13, 1926, reports from examination of claimant as follows: "Vision of right eye 20/80. Left eye, form perception only. There is a history of injury to right eye several years ago, also left eye about twenty years ago. The vitreous of both eyes is decidedly cloudy. The old injury of the right eye left a very dense opacity on the cornea. There is a general haziness of the left cornea and the margin of the papilla is very indistinct. This latter is evidently the result of an old neuro-retinitis. I do not believe the pathology present is due to his getting sulphuric acid in his eyes August 29, 1926."

V. T. Churchman, eye specialist of Charleston, in a report dated April 13, 1928, states: "This man (claimant) will not admit sufficient vision to see fingers at six feet, and yet seems to have very little difficulty in walking. Either A plus .50s or A minus .50s he says seems to clear his vision. Claims his vision is much worse in left eye. A plus 2s lens he says clears his vision some, but he will not read anything. Claims the examination is very painful. In trying his refraction he

admits a difference in lenses though they may be just the same. Examination of right eye: there is quite a scar in cornea, extending from near the center. Throughout the cornea there is a slight haze. Oplichalmascope shows all other media clear and deeper structures normal. Examination of left eye: there is a hazy structure across the cornea involving a part of the central portion. Oplichalmascope shows all other media clear and deeper structures normal. It is our opinion that this man is malingering, as we believe his vision is much better than he will acknowledge.''

There is much apparent, if not real, conflict in the statements of fact and opinion of the experts as well as in the statements of fact of the lay witnesses.

After the award by the compensation commissioner, on the basis of twenty per centum disability, counsel for the claimant wrote the secretary of the commissioner: ''Please accept my thanks for your part what ever it may have been in reconsidering the case of Matt Heaton being case No. 4716-9. I feel that this award is just and is fair in view of all the facts and circumstances of the case. While technically there may have been grounds to have avoided it, yet it shows the fairness of the department with which you are connected in looking at the facts rather than technicalities in matters of this kind.''

At the time of this award, June 17, 1927, the commissioner apparently had before him all of the evidence hereinbefore detailed, except the statements of V. T. Churchman and H. Alle Whistler and the third statement of I. D. Cole.

In view of the rule which gives to the finding of fact by the Compensation Commissioner the same effect as the finding of a judge or the verdict of a jury, the ruling of the appeal board must be affirmed.

*Affirmed.*