# CHARLESTON.

JIMMIE VENILLI *v.* STATE COMPENSATION COMMISSIONER

(No. 6583)

Submitted September 4, 1929.   Decided September 10, 1929.

*G. C. Belknap,* for appellant.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

HATCHER, JUDGE:

Petitioner Venilli, a miner of fourteen years experience, was injured by the explosion of powder which he was tamping into a drill hole.   He was employed by the West Virginia Coal & Coke Company, which subscribes to the Workmen's Compensation Fund.   Compensation was refused Venilli on the ground that at the time of the accident he was using a fuse of less length than the drill hole, which practice is forbidden by section 36E-1, Chapter 15H, Code.

There were no eye witnesses to the accident. Filed on behalf of Venilli are: (1) depositions of three of his former employers who state that they had never known of his using short fuse and had always considered him a good and safe miner; (2) his own deposition that he was tamping a stick of monabel, with the cap two or three inches inside the stick, into a three foot hole; that no wedging occurred; that the fuse was three feet long; that he had not lit the fuse when it exploded; and that he had never used short fuse.

On behalf of the Commissioner are filed: (1) a deposition of Venilli taken prior to the one above in which he admits having used short fuse several times previous to the accident in another of the company's mines; (2) depositions of three experienced coal loaders who state that they were sixty feet from Venilli when the accident occurred; that they heard Venilli tamping and then heard the explosion; and that they had seen Venilli cut and use short fuse on several previous occasions. Each was asked the hypothetical question: "If a coal loader was shoving a stick of powder or monabel with the cap imbedded in the stick of powder three inches in a hole with a tamping bar, and the shot not getting wedged in any manner by shoving the shot in the hole, from your experience as a coal loader could it have been possible for this shot to have exploded without the fuse being lighted?" Each replied that it would have been impossible for the shot to go off without the fuse being lighted, and two gave as their opinion that a short fuse caused the accident; (3) depositions of two other miners who had seen Venilli use short fuse on previous occasions; (4) deposition of the company's former superintendent, who stated that he had previously had difficulty in getting Venilli to observe other safety laws, and who answered the hypothetical question in the same way as the three loaders; (5) deposition of the present superintendent of the company, who stated that he had examined the place after the accident and believed the cause to be short fuse, giving as his reason: "In the first place, in charging the hole as Mr. Venilli claims by pushing the shot back with the tamping bar, the powder could not have been exploded unless the fuse had been lighted,

and there being no signs of tamping and the charge of powder not being within twenty inches of the back of the hole is, I feel, evidence enough that he was using a short fuse. Also if he had been using the proper length fuse, I feel that we would have been able to locate some of it after the shot was fired;'' (6) deposition of the company's foreman who stated that he had seen Venilli previously with short fuse and warned him not to use it; that he had examined the place after the accident and found that the powder had exploded when only half way in the hole; that the hole was not tamped; and that he therefore believed short fuse to be the cause of the accident. He also gave the same answer to the hypothetical question as the other deponents.

Additional depositions of two of the three miners who were near the scene of the accident, stating that they did not *know* that Venilli used a short fuse, were also filed on behalf of Venilli.

While the evidence is conflicting as to the use of the short fuse at the time of the accident, the physical facts and the opinions of competent witnesses support the finding of the Commissioner thereon. We cannot say that it is wrong. Under the authority of such decisions of this Court as *Postlethwait* v. *Workmen's Compensation Commissioner*, 106 W. Va. 57, and *Heaton* v. *Commissioner*, 106 W. Va. 563, the ruling is affirmed.

*Affirmed.*