# CHARLESTON.

CHARLES KINCANNON *v.* LEE OTT, *Compensation Commissioner*

(No. 6697)

Submitted January 8, 1930. Decided January 14, 1930.

(Rehearing denied February 10, 1930)

*England & Ritchie,* for appellant.

*Howard B. Lee,* Attorney General, *R. Dennis Steed,* Assistant Attorney General, and *Chas. D. Smith,* for respondents.

LIVELY, PRESIDENT:

This claim was considered before by the Court in its decision reported in 107 W. Va. 533, 149 S. E. 665. The claimant had then received compensation on the basis of a fifty

per cent partial permanent disability from the workmen's compensation fund, and the Commissioner had refused to re-open the claim for additional compensation because of a pur-ported lump sum settlement contract executed by the claimant in 1927, discharging the workmen's compensation fund and the Commissioner from further payments. The Court held that the contract was void and directed the Commissioner to re-open the claim "for the purpose of determining from the evidence already, or to be subsequently brought, before him, the degree of claimant's injury, and his compensation there-for." The degree of claimant's injury was not then an issue before the Court, although the opinion did state: "From the record before us, it would seem that the claimant is totally disabled."

Acting upon the Court's decision, the Commissioner re-opened the case, provided for an examination of the claimant by the Chief Medical Examiner of the Compensation Depart-ment and by two practicing physicians, and ordered a further investigation of the claimant's activities since his injury in 1924. The inspector for the department learned that the claimant had returned to work in August, 1925, and had been employed with a fair degree of regularity from that time until the early part of 1929 when the claimant came to Charleston for the purpose of seeking additional compensation. The record shows that, from October, 1927, to September, 1928, the claimant loaded more cars of coal than he had the year preceding his accident, and that during the nine months of 1928 during which he worked for the Arlington Coal & Coke Company, the claimant loaded more cars than the average number of cars accredited to seventeen other employees of that company. Claimant says, however, that his work was done with the assistance of a "buddy" who gave him a great deal of the coal with which he is accredited. This fact is con-troverted by several "buddies."

A physical examination was made of the claimant in October, 1929, by Dr. R. H. Walker, Dr. Henry R. Glass, and Dr. Russel Kessel, Chief Medical Examiner for the Compen-sation Department. From the report of this examination, it would appear that claimant has improved since he was ex-

amined in August, 1925. At that time, Dr. Walker found little movement of the left foot and loss of sensation of the left leg below the knee. Dr. Glass found this condition corrected and reported that "there is now no paralysis nor anaesthesia present in the lower extremities." This finding is disputed, however, in the report of examination made by Dr. H. D. Hatfield of Huntington, West Virginia. Claimant's eye-sight, heart, and lungs are normal. His present physical disabilities exist in the form of a deformed pelvis, limited motion of the lumbo-sacro joint, shortening of the right leg, and a large scar on the back closely adhered to the bone, which is attributed to bed sore. Dr. Hatfield further found that "right leg reflex exaggerated, loss of sensation both as to heat and cold," and was of the opinion that claimant is totally disabled and cannot be rehabilitated. Dr. Glass and Dr. Walker, in whose reports Dr. Kessel concurred, believed claimant was entitled to additional compensation but did not recommend total permanent disability compensation. The Commissioner refused to grant any additional compensation, and claimant now appeals from that finding.

Passing over the point raised that no appeal can be taken from the finding of the. Commissioner which does not affect the basis of the claimant's right to compensation, section 43, chapter 15P, Code, amended and re-enacted by section 43, chapter 71, Acts 1929, and that this Court is without power to review the action of the Commissioner when he does not deny the claimant's right to participate in the fund, but on the contrary recognizes his right to participate and grants him an award, the amount of which is involved on the appeal, we have concluded to examine and have examined the evidence on which the Commissioner denied further compensation. Is the claimant wholly or permanently disabled? He affirms; the Attorney General denies. This is the crucial question. Without discussing the evidence in detail further than is above shown, it appears that the medical evidence is not altogether in accord. The evidence of the various employers of the applicant and the persons with whom claimant worked after his injury is overwhelming to the effect that claimant was not totally incapacitated from work up to the time he

quit work in 1929, and came to Charleston for the purpose of looking after his compensation claim. At his last employment at Crystal he did not work regularly. Under this evidence we cannot say that claimant has established a case of total disability. That he has a partial total disability is quite apparent. He is not as capable as he was before his injury which is serious and permanent. But the degree of his capabilities under this evidence is within the discretion of the Commissioner to ascertain, and we cannot see that he has abused that discretion. The degree of disability is not fixed by the statute in injuries of this character. The legal principle governing this case is that a finding of fact by the Commissioner on which his award is based will not, as a general rule, be set aside if there is substantial evidence to support it. *Martin* v. *Compensation Commissioner*, 107 W. Va. 583, 149 S. E. 824; *Venelli* v. *Compensation Commissioner*, 107 W. Va. 544; 149 S. E. 612; *Heaton* v. *Compensation Commissioner*, 106 W. Va. 563, 146 S. E. 368. See discussion of ''appeals'' in Compensation cases in *Proffitt* v. *Comp. Com'r.*, handed down contemporaneously herewith.

For the above reasons the Commissioner's ruling will be affirmed.

*Affirmed.*