MANUEL STEVE *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 6905)

Submitted February 18, 1931. Decided February 24, 1931.

*W. L. Taylor*, for appellant.

*Howard B. Lee*, Attorney General, and *R. Dennis Steed*, Assistant Attorney General, for respondents.

WOODS, JUDGE:

Manuel Steve, on the 22nd day of May, 1928, while in the employ of the Island Creek Coal Company, at Holden, Logan county, was struck on the right knee by coal from a shot,

causing a simple fracture of the patella. He was paid compensation at the rate of $16.00 per week on an open claim for 41 4/7 weeks. On June 17, 1929, an award of a 13% partial permanent disability was made, carrying compensation for 52 weeks, and on the day following a check for $166.86 was mailed claimant as payment in full of his claim.

After an extended correspondence regarding claimant's right to another examination and further compensation, the Commissioner, having before him information which led him to believe that the claimant had non-union of the patella, directed claimant to appear before Dr. Lyon, at Holden Hospital, for a physical examination. An examination was also conducted at the department at a later date, and an X-ray report submitted by the McMillan Hospital. Both doctors making the physical examination stated that claimant was malingering to a certain extent. After a consideration of the new evidence, in conjunction with the old, the commissioner, on April 10, 1930, entered an order that, in view of the payment already made, he was of opinion that the claimant had been fully compensated for the disability arising from his injury, and that the said motion to re-open, with a view to consideration of an award of further compensation, should be denied. To such ruling objection was promptly made, and this appeal followed.

It appears that some time prior to the entry of the award the department and company doctors had recommended light work for the purpose of effecting a rehabilitation. Claimant at first agreed to co-operate, but later refused to go to work for any period of time, and still refuses so to do. The examinations up to that time showed the presence of a great amount of excess bone and callous. The results of the subsequent investigation revealed that the patella had in fact united. The X-ray report from the Mountain State Hospital stated: ''There is an old fracture of the patella which shows good union with a large amount of callous. The upper and lower borders of the patella showed marked bone deposit which is rough and frayed. There is apparently no necrosis.'' The only evidence tending to indicate that claimant's present condition was in anywise different from that existing

at the time of the making of the award, is claimant's own statement that he is unable to work, and the several affidavits on his behalf to the effect that he is a charge upon his friends and relatives. Upon the record before him, the Commissioner, as heretofore stated, found that the claimant had been fully compensated for his injury.

Applying the rule laid down in the cases of *Watkins* v. *Commissioner*, 109 W. Va. 409; *Kincannon* v. *Ott*, 108 W. Va. 428; *Heaton* v. *Commissioner*, 106 W. Va. 563, and many others, that the finding of fact by the Commissioner should be treated as the finding of a judge or the verdict of a jury, and will not, as a general rule, be set aside if there is substantial evidence to support it, we must affirm the Commissioner's finding.

*Affirmed.*