W. P. Nichols *v.* State Compensation Commissioner

(No. 7074)

Submitted September 2, 1931.   Decided September 8, 1931.
(Rehearing denied November 2, 1930.)

*England & Ritchie,* for appellant.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,*
Assistant Attorney General, for respondents.

Maxwell, Judge:

W. P. Nichols, late employee of Cabin Creek Consolidated
Coal Company, a corporation, having been denied compensa-
tion by the Workmen's Compensation Commissioner for im-
pairment of vision due to personal injuries alleged to have
been received while in the employ of said company, brings
his case before us for review.

Claimant says there were two injuries. First: That on
the 21st of October, 1926, while loosening coal with a pick
from the bottom of the room in the mine where he was
working, a piece of coal the size of a goose egg flew up as a
result of the force of the strokes with the pick and struck
him in his left eye, and that particles of coal lodged in his
eye. Second: That on the 9th of June, 1928, while engaged

in the same sort of work in another mine of the said company, he was again struck in the same eye by a piece of coal.

A few weeks subsequent to the date of the alleged first injury, claimant filed a claim before the commissioner for compensation. Extended investigation was made by representatives of the commissioner and much evidence was taken. Pending disposition of the first matter, claim was made for compensation on account of the alleged second injury. The claims were assigned separate numbers in the office of the commissioner, but were heard, at least in part, together. Order of refusal of compensation was entered in each case. The claim for the alleged second injury was denied September 7, 1928. The claim for the alleged first injury was denied October 30, 1929. In each instance the ground of refusal was that there had not been satisfactory proof that the alleged disability was the result of an injury received by the claimant in the course of his employment.

Section 43, chap. 71, Acts 1929 (Code 1931, 23-5-1), requires that a claimant against whom an adverse ruling is made by the commissioner shall make objection thereto within ten days after receipt of notice of such ruling. Then, if the commissioner's ruling remains adverse after further hearing as provided by the statute, the applicant may apply to this Court for appeal within ninety days subsequent to the final order.

When the second claim of Nichols was denied September 7, 1928, there was no statutory requirement that objection be made within ten days as a condition precedent to appeal, but the statute then, as now, fixed ninety days as the limit of time within which application might be made for appeal. Claimant made no effort to obtain an appeal from that order for many months subsequent to the expiration of the ninety-day period. When the order of October 30, 1929, was entered denying compensation for the alleged first injury, the above mentioned provision of the act of 1929 requiring objection to be filed within ten days after notice of an adverse ruling, was in effect. No such objection was made. And, as in the other matter, he made no effort to obtain an appeal until long after the expiration of ninety days subsequent to final order.

On the 20th of December, 1930, the claimant filed a petition before the commissioner praying that the claim for the said first alleged injury be reopened and reconsidered; that he be granted compensation for disability by reason of loss of eye-sight from said alleged injury; and further praying that petitioner's claim for said second alleged injury be considered in connection with the first claim. The prayer of that petition was denied April 10, 1931. This appeal was awarded June 29, 1931.

While it goes without saying that the provisions of the Workmen's Compensation Act should be liberally construed in order that the benign purposes of the act may be fostered, it does not follow that either the commissioner or this Court, in a spirit of excessive beneficence, may ignore plain and explicit mandates of the statute. The legislative requirements that objection shall be made within ten days after an adverse ruling as a condition precedent to appeal, and that application for appeal shall be made within ninety days subsequent to final order are so clear and plain that there is no room for interpretation. Recent decisions of this Court emphasize the necessity of careful observation of these requirements in order to perfect appeals. *Enyart* v. *Compensation Commissioner*, 109 W. Va. 613, 155 S. E. 913; *Myers* v. *Compensation Commissioner*, 110 W. Va. 425; 158 S. E. 512.

The effort of Nichols to distinguish the present case from the Enyart case is not well grounded. There, as here, the belated effort to have the case reopened and reconsidered was sought to be strengthened by filing with the petition supplemental evidence cumulative in character. Cases such as the Enyart, Myers and instant case must be distinguished from that class of cases wherein, the complainant's right to compensation having been determined, further disability accrues subsequent to the initial award and not then considered. Typical of such cases is *Hall* v. *Compensation Commissioner*, 109 W. Va. 230, 153 S. E. 510. While it is true that the commissioner has continuing jurisdiction in these matters, Code 1931, 23-4-16, it does not follow that the commissioner has authority under the statute, months after a

final decision, to reopen and reconsider a case on facts the same or substantially the same as those considered by him on the original hearing. There must be an end of these matters. A finding by the commissioner should not be disturbed by him except for good cause. *Johnson* v. *Compensation Commissioner*, 108 W. Va. 316, 154 S. E. 766. The legislative intent to establish repose must not be devitalized. If so, the commissioner would be subject to the continuous harassment of dissatisfied claimants. To such claimants the right to petition this Court for appeal is open, provided there be timely objection to the initial adverse finding of the commissioner, and, provided further, if the commissioner's ultimate finding is adverse, application for appeal be presented here within ninety days thereafter. If such course is not taken, the commissioner's finding that the claimant has no right to compensation is final unless thereafter there be presented facts, not theretofore considered, which, either alone or together with facts already considered, sustain the claimant's right to compensation. Such newly presented facts must go to the very basis of claimant's right, and must not be merely cumulative.

Though further discussion of this case is in no wise necessary to a decision, it may be of interest to the parties immediately concerned for us to observe that incident to our consideration of the controlling procedural and jurisdictional matters above discussed, a painstaking examination of the record has disclosed conflicting evidence on which the commissioner's finding, adverse to the claimant, was fully warranted. As to the first alleged injury there is the evidence of claimant's estranged wife, his step-daughter and the latter's husband that prior to the date of the said supposed injury the claimant's eyes were troubling him very much, of which he complained, and that he had said in substance that he thought he would report a fictitious injury in the mines as the basis for compensation for his impaired vision. But even if this testimony be eliminated, as claimant insists that it should be, because of the alleged prejudice against him of the witnesses who gave it, and because he says he did not have opportunity to cross-examine them (it is to be noted,

however, that the record does not disclose any specific demand by claimant or on his behalf that opportunity of cross-examination of said witnesses be afforded), there nevertheless remains a situation in which the commissioner was justified in holding that it was not satisfactorily established that complainant's disability was caused by said alleged injury. It appears from the evidence that at the time of the supposed injury the complainant was about 70 years of age; that he had been suffering from impaired eyesight; that at the time of his employment by the said coal company in the month of May, 1926, the superintendent of the mines noticed a peculiar look about complainant's eyes; that complainant made no report of the alleged injury and did not say anything about the same to any person other than members of his family until after he was discharged from his employment the latter part of November, 1926; that complainant received an injury about the forehead and eyes from being struck by a piece of stove wood in the year 1925 while in the employ of a lumber company, the evidence, however, being in sharp conflict as to whether his left eye was injured by that accident. A physician who examined complainant the 27th, of November, 1926, gives his opinion that complainant's impaired vision was not due to the alleged injury of October 21, 1926. It is not necessary to narrate the evidence on behalf of the complainant. The foregoing outline is given merely for the purpose of showing that even though the complainant's testimony on his own behalf is not without some corroboration, there was substantial basis for the commissioner to hold that the claimant did not satisfactorily prove that his impaired vision was due to the alleged injury. As to the alleged second injury, the evidence is no more conclusive than as to the first. The medical opinion is expressed on examination of the claimant in the month of August, 1928, that the complainant's impaired vision was due to a cataract of long standing. Both the mine superintendent and mine foreman testify that before the complainant left the mine on the day of the supposed second injury, each of them was in conversation with the complainant and that he did not say anything to either of them with reference to his receiving an

injury that day. On behalf of the claimant there is testimony that two small particles of coal were removed from his left eye by a neighbor woman on the day following that on which he says his eye was injured. There is also medical testimony on his behalf that at sometime the left eyeball had been lacerated, and that the lens of that eye was dislocated, —the latter fact indicating that there had been contusion of some sort at a time not known. So that, even if this case could be considered by us on the merits, there is no basis on which we could say that the commissioner's finding was against the plain preponderance of the evidence. See discussion of principles in *Kincannon* v. *Compensation Commissioner*, 108 W. Va. 428, 151 S. E. 311, and *Sedinger* v. *Compensation Commissioner*, 109 W. Va. 51, 152 S. E. 857.

We affirm the commissioner.

*Affirmed.*