H. D. OYLER *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 7535)

Submitted April 11, 1933.   Decided April 18, 1933.

*England & Ritchie,* for appellant.

*H. A. Holt,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent Compensation Commissioner.

*Price, Smith & Spilman,* for respondent Kingston-Pocahontas Coal Co.

*Payne, Minor & Bouchelle* and *John V. Ray,* for appellee Anchor Coal Co.

WOODS, JUDGE:

H. D. Oyler, on May 8, 1930, and while in the employ of the Kingston-Pocahontas Coal Company, suffered a fracture of the left femur just above the knee, a simple fracture of the patella, a compound fracture of the tibia just below the knee, and a compound fracture of the fibula just below the knee.

By reason of the aforesaid injuries, the commissioner, on January 5, 1931, awarded compensation on the basis of a 15% disability, and shortly thereafter made a lump sum settlement of the balance due on said award. On November 5, 1931, while employed by Anchor Coal Company, claimant suffered a simple fracture of the left tibia at the junction of the middle and upper third, with no displacement of fragments, for which he was paid a 10% award. Sometime after the latter' claim had been definitely closed, a hearing was granted upon claimant's own affidavit and a certificate of examination by Dr. Walker, to the effect that claimant was unable to do any manual labor, due to an involvement of the left knee, which claimant attributed to the accident of November 5, 1931. Dr. Walker's certificate was based partially upon an x-ray report by Dr. Hughey on the condition of the claimant's left leg in the vicinity of the knee. At the hearing, November 22, 1932, Dr. Walker, when advised of the Kingston-Pocahontas injury and the extent thereof, gave as his opinion that the claimant's present knee trouble was due to the injury of May 8, 1930. A day or so thereafter claimant, in view of the doctor's evidence, filed a petition with the commissioner seeking to have the claim against the Kingston-Pocahontas Coal Company consolidated with that against the Anchor Coal Company. However, the commissioner, on December 15, 1932, entered the order appealed from to the effect that claimant's condition was not the result of the injury of November 5, 1931. No mention was made therein regarding Kingston-Pocahontas Coal Company.

Inasmuch as a statutory hearing was never granted as to the Kingston-Pocahontas Coal Company, the present appeal, in so far as that company is concerned, must be dismissed as improvidently awarded. An employer cannot be summarily brought into this Court on appeal. The claim against him must first be adjudicated by the commissioner. Code 1931, 23-5-1; *Nichols* v. *Commissioner*, 111 W. Va. 34, 160 S. E. 854.

In order to make out a case against the Anchor Coal Company, claimant must show that the present aggravated knee condition grew out of the injury received on November 5, 1931.

The preliminary report submitted by the company doctor of Anchor Coal Company, referred to the injury to the tibia and fibula of left leg. The x-rays taken at Coal Valley Hospital on the day following the accident disclosed a fracture of the left tibia at the junction of the middle with the upper third, but no new fracture of the left fibula. It also revealed a healed fracture of the left tibia and fibula, a healed fracture of the left patella and a healed fracture of the left femur. In corroboration of the opinion given by Dr. Walker at the hearing, we find that Dr. Stallard, in a report filed on May 27, 1932, after considering the x-rays referred to above, gave as his opinion that claimant was at that time suffering from a traumatic arthritis, left knee, and that it was due to the injury received in the Kingston-Pocahontas Coal Company mine on May 8, 1930.

All of the evidence, with exception of that given by the claimant himself, is to the effect that the injury of November 5, 1931, has nothing to do with claimant's present knee condition. In view of the record, we must affirm the order of the compensation commissioner. *Aniel* v. *Commissioner*, 112 W. Va. 645, 166 S. E. 366; *Dowdy* v. *Commissioner*, 112 W. Va. 428, 164 S. E. 495.

*Affirmed.*