# CHARLESTON.

Everett Enyart *v.* State Compensation Commissioner

(No. 6862)

Submitted October 28, 1930.  Decided November 12, 1930.

614

*W. L. Taylor*, for appellant.

*Howard B. Lee*, Attorney General, and *R. Dennis Steed*, Assistant Attorney General, for respondent.

MAXWELL, JUDGE:

In the course of his employment claimant was injured in a mine of the West Virginia Coal & Coke Company, at Omar, Logan County, the 14th day of February, 1929. He was allowed compensation from the date of his injury to the first day of June, 1929, at which time he was supposed to be able to return to work, at least, that was the medical opinion upon which the commissioner acted. The claimant himself wrote the commissioner under date of July 1, 1929: "I am now ready to go to work or expect to within the next few days." In the same letter, however, he asserted that his right ankle was crooked and that he should have further compensation. Within a few days after the receipt of this letter, the commissioner replied thereto and sent to claimant a form upon which claimant's physician could make a further report. Such report was not made, but on the 11th of September, claimant appeared in person at the office of the State Compensation Commissioner at Charleston, bearing a letter of Dr. L. W. Lawson of Logan,

addressed to Dr. Russell Kessel, one of the medical examiners of the compensation department, and stating that claimant had been under treatment at the Hatfield-Lawson Hospital at Logan and that "He has some slight eversion of the right foot, and I am unable to determine the amount of his disability. I would like for you to look him over and advise us your opinion." On the following day, claimant was given an examination by Dr. Kessel, who thereupon recommended that there be no further allowance over and above the fourteen and one-seventh weeks' compensation as temporary disability which had been allowed the claimant immediately following his injury. On the 18th of September, the commissioner wrote claimant: "It is the opinion of this office that you have been sufficiently compensated for your injury of February 14, 1929. You have been awarded compensation for the time lost and inasmuch as you have no permanent disability which would entitle you to further compensation, I must advise that your claim remains closed." The phrase "remains closed," as used in that letter, is appropos of another letter which had been written by the commissioner to the claimant June 28, 1929, wherein the commissioner said: "With further reference to your claim, will advise that your attending physician reported you able to resume work on June 1st, and your claim was therefore paid to May 31st, and closed."

After the writing of the letter of September 18th by the commissioner to claimant, nothing further was heard of the matter until January 15, 1930, when a letter bearing date the previous day was received by the commissioner from the claimant, in which letter the claimant reiterated his claim for further compensation. To this communication the commissioner promptly replied: "You were advised on September 18, 1929, that your case stood closed." Following this last letter, the claimant wrote several letters to the commissioner and sent him one telegram. Counsel for claimant also wrote several letters to the commissioner. Statements of physicians were obtained on behalf of claimant and mailed to the commissioner. The commissioner's consistent replies to these communications of both the claimant and his attorney were that the claim was closed. June 27, 1930, the commissioner again wrote claim-

ant: "As you have heretofore been informed your case is closed and will not be reopened." Counsel for complainant then filed final objection with the commissioner who declined further action. Shortly thereafter, upon petition of claimant, this writ was awarded.

In our view of this case, considering it in its aspect most favorable to the claimant, the claim was closed September 12, 1929, of which fact the claimant had notice September 18, 1929. We are unable to perceive from the record that the commissioner said or did anything in the matter to lead the claimant to believe that his claim was open and would be given consideration, subsequent to the last mentioned date. If the claimant was not satisfied with the action of the commissioner in September, he should have proceeded in accordance with the statute to have the matter further investigated, and reviewed if necessary. While procedure in these matters is not strict, and ought not to be strict, there are certain reasonable procedural requirements of the statute which must be complied with in order that there may be some degree of finality. It is not consonant with the efficient administration of the workmen's compensation fund that a claim which has been fully considered by the commissioner and declared by him to be closed can be kept open indefinitely merely through much importuning on the part of the claimant. This is not the legislative policy as indicated by the act itself. Under the provisions of section 43, chapter 71, Acts of Legislature of 1929, amending section 43, chapter 15-P, Code 1923, a claimant against whom an adverse finding is made by the commissioner shall formally object to such finding within ten days thereafter. The commissioner shall then set a time for further hearing in the matter. And, then, within ninety days after final order, claimant may apply to this Court for a review of the record and decision. *State ex rel. Meeks* v. *Compensation Commissioner*, 108 W. Va. 68, 150 S. E. 230. And, as declared in that case, and as appears from the statute itself, the said procedure applies only to matters going to the basis of the claimant's or employer's right. A disability which arises subsequent to the date of the initial award, and not then considered in fixing the amount of compensation, presents a mat-

ter going to the basis of claimant's right. *Hall* v. *Compensation Commissioner,* 109 W. Va. ...., 153 S. E. 510. But, even if the case at bar be considered as one coming within the principle of the *Hall* case (a matter not decided), claimant's right to a review of the commissioner's denial of further compensation was lost because of claimant's inaction in the matter for nearly four months following the commissioner's communication September 18, 1929, to claimant that the matter remained closed.

We affirm the holding of the commissioner.

*Affirmed.*