SCOTT E. WATKINS *v.* STATE COMPENSATION COMMISSIONER
*et al.*

(No. 7130)

Submitted September 29, 1931. Decided October 6, 1931.

*J. D. Gronninger*, for relator.

*Howard B. Lee*, and *R. Dennis Steed*, Assistant Attorney General, for respondents.

WOODS, *Judge*:

Petitioner, by mandamus, seeks a hearing under Code 1931, 23-5-1, in view of the compensation commissioner's refusal to re-open his claim on tender of certain "after discovered evidence."

The commissioner's finding on the original application for compensation that the "disability alleged is not the result of an injury received in course of and that said disability did not result from the employment", was affirmed by this Court in *Watkins* v. *Commissioner*, 109 W. Va. 409. As indicated in that opinion, Watkins claimed to be suffering from pains in his head and neck, due to concussion or jar from a "shot" put off by a fellow workman on the opposite side of a fifteen-foot block of coal at the head of the entry, which was being driven by the petitioner. There was a difference of opinion on the part of the medical experts as to whether the shot brought about the condition. The commissioner accepted the negative view. The evidence of John Holmes, now sought to be injected

into the case, is to the effect that the coal between the two entries was only ten feet in thickness; that five sticks of monabel, instead of three, were used; and that the shot brought down slate on claimant's side. Also certain communications from Lambie, department of mines, regarding conditions existing in the particular mine a year later, to show improper ventilation, were submitted.

As stated by JUDGE MAXWELL *in Nichols* v. *Commissioner,* decided this term, ''While it is true that the commissioner has continuing jurisdiction in these matters, Code 1931, 23-4-16, it does not follow that the commissioner has authority under the statute, months after a final decision to re-open and reconsider a case on facts the same or substantially the same as those considered by him on the original hearing. There must be an end of these matters. A finding by the commissioner should not be disturbed by him except for good cause. *Johnson* v. *Compensation Commissioner,* 109 W. Va. 316, 154 S. E. 766.''

Assuming that the commissioner would give full credit to the proffered testimony, we are unable to see wherein it is clearly of such a nature as would change the diagnosis of the experts, upon whose testimony the finding was made. From the medical testimony the commissioner has found that the jar, if any, had nothing to do with claimant's condition. This was primarily for the commissioner. *Martin* v. *Commissioner,* 107 W. Va. 583.

While the technical rules of law should not be strictly adherred to in compensation cases, the claimant, in order to justify the re-opening of a claim, formerly adjudicated, should be required to make a showing that would, in the opinion of the court, call for a favorable finding by the commissioner. The right not being clear, mandamus will not lie. *State ex rel. Ferrel* v. *Commissioner,* 108 W. Va. 477.

*Writ denied.*