DAYTON BURDETTE *v.* STATE COMPENSATION COMMISSIONER

(No. 7187)

Submitted November 11, 1931.     Decided November 17, 1931.

*F. C. Pifer,* for appellant.

*Howard B. Lee,* Attorney General and *R. Dennis Steed,* Assistant Attorney General, for respondents.

HATCHER, JUDGE:

This is an appeal from a ruling of the state compensation commissioner.

Dayton Burdette suffered a fracture of his leg near the ankle on November 14, 1929, while at work for a subscriber to the workmen's compensation fund. The commissioner first

awarded a five per cent disability for twenty weeks, and on June 3, 1930, notified him that his claim was closed; but on June 10, 1930, "upon further consideration" the commissioner raised the award to a ten per cent disability for forty weeks, and advised Burdette that his compensation would expire August 28, 1930.

On August 13th Dr. E. A. Davis, who had treated Burdette's fracture, reported to the commissioner that x-ray pictures showed "an excellent result as far as the bones are concerned," but that he found Burdette to be suffering from a loss of sensation over the greater part of the foot. The commissioner notified Burdette on September 30, 1930, it was the opinion of the compensation department that he had been adequately compensated for his injury and that his claim would remain closed.

Why the commissioner investigated the claim further does not appear in the record, but on March 19, 1931, he requested Dr. A. C. Lambert to x-ray Burdette's leg, and Dr. Ray Kessel to examine him. Dr. Lambert reported that the fracture had healed "in good surgical position," and that the x-ray disclosed no torn ligaments or diseased bone. Dr. Kessel reported the ankle to be healthy, with good motility and apparently in "good shape." On March 25th the commissioner wrote Burdette that after considering all the evidence filed, he was of opinion that Burdette had been fully compensated and that his claim remained closed.

On April 13, 1931, Dr. Davis again wrote to the commissioner (at whose instance does not appear) that he had examined Burdette recently and could add nothing to his former report on the case. The next paper in the record is the report of an examination of Burdette by Dr. Kessel, who is the chief medical examiner of the compensation department, dated June 22, 1931. (It does not appear why this examination was made.) Dr. Kessel's report stated: "There is probably slight loss of sensation of the ankle joint in a cutaneous sense, but this is not complete, nor does it involve much of the ankle joint." On June 23, 1931, the commissioner again advised Burdette "that after considering all the evidence filed" he was of opinion that Burdette had been fully compensated and

that the claim would remain closed. On June 29, 1931, counsel for Burdette wrote the commissioner in reference to the letter of the 23rd instant that he (counsel) had concluded the claim had not been "properly rated." He then requested a copy of the record so that he could take the matter up "with the committee that exists for such purposes." The commissioner by letter of July 2, 1931, signified willingness to furnish the copy but suggested that counsel inspect the file at the department.

A petition was filed by counsel on August 17, 1931, alleging a permanent and aggravated condition of his leg and praying that his case be reopened. Accompanying the petition were written statements of Drs. T. E. Romine and C. L. Lyons. Dr. Romine stated that he found Burdette's fracture healed in good position, and that there was a loss of sensation below the fracture "indicating a sensory nerve involvement." Dr. Lyons stated that the xray showed Burdette's fracture to be healed in good position, and that "there seemed to be loss of sensory nerve function over foot extending up ankle, * * * he does not seem to have sensory nerve action." The commissioner wrote counsel on September 1, 1931, that after examining the petition and the statements of Drs. Romine and Lyons, he saw no reason for increasing Burdette's compensation and the claim would remain closed. Counsel filed formal objections with the commissioner to this last ruling on September 9, 1931, stating that he desired to appeal to this Court. The appeal was allowed October 12, 1931.

In the well considered opinion in *Nichols* v. *Commissioner*, decided in September of this year, we held that months after a claim is definitely and finally closed, the commissioner does not have jurisdiction to reopen and reconsider the claim on facts substantially the same as those considered by him before the claim was closed. Accord: *Enyart* v. *Commissioner*, 109 W. Va. 613, 616; *Watkins* v. *Commissioner*, decided at the present term of this Court. These decisions preclude the petitioner from the relief he seeks. The only evidence filed with his petition of August 17, 1931, was the statements of Drs. Romine and Lyons. Those doctors found no more than what Dr. Davis had reported to the commissioner on August

13, 1930, i. e. that Burdette was suffering (or seemed to be suffering) from a loss of sensation over the greater part of the foot. The language used by Drs. Romine and Lyons does not indicate in the slightest that this condition had become aggravated during the year following the first report of Dr. Davis. (The second letter of Dr. Davis, written on April 13, 1931, eight months after his first letter, implies that the condition was not aggravated.) Dr. Davis' letter of August 13, 1930, was before the commissioner on September 30, 1930, when he determined that Burdette had been adequately compensated and notified him that the claim was definitely closed. No objections or dissatisfaction with this ruling appear in the record. The ruling became final as to the evidence then before the commissioner. The attempt to reopen the case nearly a year later was based on evidence entirely cumulative. Therefore the commissioner's refusal to give the claim further consideration was proper.

The commissioner is affirmed.

*Affirmed.*

A petition to rehear filed affidavits of Dr. J. E. Roberts dated October 31, November 9, November 22, and November 28, 1931, which indicate an aggravated condition *now* of Mr. Burdette's leg. These affidavits could be properly presented to the commissioner on another request to reopen the claim; but they cannot be considered by us on the present appeal.