BENNIE BELL *v.* STATE COMPENSATION COMMISSIONER

(No. 7565)

Submitted April 11, 1933. Decided April 18, 1933.

*W. W. Wertz, S. H. Ballard,* and *Chester, Chester & Keyser,* for appellant.

*Homer A. Holt,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent Compensation Commissioner.

*File, Goldsmith & Scherer,* for C. C. B. Smokeless Coal Company (E. E. White Coal Co.).

WOODS, JUDGE:

Bennie Bell, on June 3, 1926, received certain severe injuries to his pelvis and urethra, which he claims has rendered him totally and permanently disabled. He was first given a 25% permanent disability rating, and this was increased from time to time until December 14, 1931, when the award was finally fixed at a 75% permanent disability. Upon subsequent application for a permanent total rating, the commissioner, on March 9, 1932, advised claimant that he had been fully compensated and that the claim stood closed as of date of last payment. In June, an effort was made to re-open the claim, and subsequently thereto, and in support thereof, the several reports of three doctors of Columbus, Ohio, were filed. These reports showed findings similar to those already before the commissioner—two of the doctors concluding their several reports with the opinion that claimant had a 100% permanent disability, while the third placed the disability at 95%. On October 21, 1932, the commissioner advised claimant that the foregoing furnished "no new or additional evidence upon which to base additional compensation." Bell appeals.

It is well settled under our decisions that before Bell can

require the commmmissioner to re-open his claim he must furnish substantial proof of an aggravated condition of the old injury not taken into account in the former findings, or a new claim growing out of the injury. *Murasky v. Compensation Commissioner*, 109 W. Va. 218, 153 S. E. 509; *Nichols* v. *Compensation Commissioner*, 111 W. Va. 34, 160 S. E. 584; *Burdette* v. *Compensation Commissioner*, 111 W. Va. 299, 161 S. E. 556; *Myers* v. *Compensation Commissioner*, (page 316 this volume), 167 S. E. 740.

Claimant was examined a number of times by the commissioner's chief medical examiner, as well as by other doctors, and a number of x-rays were taken. Dr. Cannady, as early as 1930, expressed an opinion that claimant had a definite permanent disability, and in November, 1931, reiterated that conclusion, stating "this disability is apparently due to hypertrophic arthritis involving the sacro-iliac and hip joints and to old fractures of the left pubic bone, both descending and ascending rami and acetabulum, with some displacement of the fragments. I stated at that time that this man had a definite permanent disability and have no reason for changing this conclusion. In my opinion his condition is incurable." Dr. Hatfield likewise expressed an opinion in September, 1931, that "this man has permanent disabilities which preclude him from ever working again at the same occupation that he followed before he sustained his injury. He is unprepared and untrained for any other kind of work." There are also other reports in the record made at different times by doctors in Selby, N. C., and Washington, D. C.

From a careful examination of the physical findings as set forth in the reports of the several doctors, we see no material difference between those submitted in support of the petition to re-open the claim and those before the commissioner at the time he made his final award. Claimant at all times had contended that he was totally and permanently disabled, and, as heretofore indicated, several doctors prior to the last award had so stated. Without further recital of the evidence, it suffices to say that Bell has failed to bring his claim within the rule laid down in the cited cases.

The action of the commissioner must, therefore, be affirmed.

*Affirmed.*