F. M. MASON *v.* WORKMEN'S COMPENSATION APPEAL
BOARD, *et al.*

(No. 8829)

Submitted September 6, 1939. Decided September 19, 1939.

*J. W. Rickey,* for appellant.
*Clarence W. Meadows,* Attorney General, and *Marlyn
E. Lugar,* Special Assistant Attorney General, for appellee
State Compensation Commissioner.

KENNA, JUDGE:

F. M. Mason, the claimant, was injured June 24, 1931,
while employed by United Zinc Smelting Corporation at

their plant in the City of Moundsville. The injury occurred while the claimant was pushing a loaded coal car which rolled backwards unexpectedly with the consequence that Mason's spine was severely strained and twisted, the ligaments were torn and several sections of his vertebrae were compressed. From the beginning, claimant sought an award based upon total and permanent disability. Claimant's trouble was diagnosed after he had been examined at the Wheeling Clinic by several competent physicians, and among what seems to the layman as the unnecessarily technical terms used by them to describe claimant's condition, we find it referred to as a "traumatic hypertrophic osteo-arthritis" involving the spinal vertebrae.

On January 20, 1933, claimant received an award for forty per cent permanent disability. Prior to increasing this award, the Commissioner received reports from doctors who examined Mason to the effect that he was totally disabled, but going further and stating, "it is reasonable to assume that the injury aggravated the preexisting osteo-arthritis." The record does not make it clear whether the Commissioner's attitude was thereafter based in part upon the stated assumption.

On October 16, 1934, the award was raised, and again on January 10, 1936, it was increased, the aggregate of the three awards being sixty-five per cent. Upon the Commissioner's refusal to increase the sixty-five per cent award, on February 20, 1937, the Appeal Board ordered the Commissioner to reopen claimant's case, which he did, and after a hearing, increased the award to seventy-five per cent on October 12, 1937.

When the Commissioner notified the claimant of this last order increasing the award, the notice informed the claimant that he had thirty days during which he might object if he were not satisfied, but shortly thereafter the commissioner nullified this order as having been "entered inadvertently." This course obviously nullified also the notice that had been given.

On November 3, 1937, the Commissioner entered an or-

der fixing claimant's award at seventy-five per cent. On this occasion, when claimant was notified of the Commissioner's action, the claimant having already been awarded a hearing by the Appeal Board which had been held, nothing was mentioned concerning the time that claimant had to object to the Commissioner's finding.

Apparently nothing occurred within the next sixty days, after which the Commissioner's award became final, and the Commissioner's further jurisdiction rested solely upon a reopening of the case because a *prima facie* showing of an aggravated condition of injury had been made.

On January 18, 1938, claimant informed the Commissioner by letter that he was dissatisfied and intended "going on further" with his case. The Commissioner's reply was to the effect that claimant's letter could not be regarded as notice of an appeal because it was not received within the required time and because claimant had used the check sent him in full settlement of the last previous award. Thereafter, the claimant apparently attempted to establish an aggravated condition of his injury in order that the Commissioner might reopen the case for further consideration.

On February 19, 1938, the Commissioner, holding that no aggravated condition had been shown, declined to reopen claimant's case, and the Compensation Appeal Board, having refused to disturb the Commissioner's finding, this Court granted an appeal.

Claimant's position from the inception of the proceeding has been that the injury he suffered resulted in total permanent disability. His award of compensation was increased four times, the last time after the Commissioner had complied with the Appeal Board's order remanding the case for the taking of further proof. The material proof contained in the record was before the Commissioner when his order of November 3, 1938, was entered after the hearing had been concluded. From that order there was no appeal within the required time. Its finality is now established. Code, 23-5-3. Nor do we think there

has been a *prima facie* showing of aggravation based upon circumstances arising since the entry of the last award. The question of aggravation being the only appealable question before the Compensation Commissioner and there being no apparent error in his treatment of it, the finding of the Appeal Board is affirmed.

*Affirmed.*