DANIEL IGO

*v.*

STATE COMPENSATION COMMISSIONER *et al.*

(No. 9783)

Submitted January 9, 1946. Decided January 22, 1946.

*Frank R. Lyons, Jr.,* and *Brown, Jackson & Knight,* for appellant.

*James G. Jeter, Jr.,* for appellee.

FOX, JUDGE:

The claimant suffered a compensable injury on June 1, 1939. He was paid on a temporary basis for seventy-eight weeks, and on December 10, 1940, was awarded compensation on a thirty per cent permanent partial disability rating, to which award there was no objection on his part or by the employer. An additional award of ten per cent was made on October 1, 1942, to which neither party objected. On March 4, 1943, claimant was allowed an additional award, making a total of fifty per cent, on a permanent partial disability rating, to which there was no objection on the part of either party. On October 15, 1943, claimant again, in effect, asked for a reopening of his case, and an award of compensation on a permanent total disability basis. This request was made on the strength of a report of Dr. L. M. Halloran made on October 12, 1943, in which he stated: "In my opinion he (claimant) is unable to do laborious work and it is doubtful that he will ever re-

cover to the extent that he could return to his occupation. Based on this claimant's present condition, I consider him totally and permanently disabled." Following this request, based on the Halloran report, the commissioner on October 22, 1943, reopened the claim, and claimant was referred to Dr. R. L. Anderson for disability rating. X-rays were made by Dr. E. W. Squires, and on November 9, 1943, Dr. Anderson reported that claimant had considerable disability due to multiple fractures of the spine and pelvis, limitation of motion and weakness of the spine, and that in his opinion claimant had a permanent partial disability of sixty per cent. On this report the commissioner, on November 20, 1943, awarded to the claimant compensation on the basis of an additional fifteen per cent disability, making a total finding of sixty-five per cent disbility. Neither claimant nor employer objected to or appealed from this award. On October 5, 1944, claimant again asked, in effect, that his case be reopened, and that he be granted compensation on a permanent total disability rating, and the claimant was referred to Dr. C. W. Stallard, who examined him on September 28, 1944, and reported that he had a total permanent disability. This request for reopening was denied. On December 13, 1944, the same request was again submitted, based on the report of Dr. E. Bennette Henson, dated December 9, 1944, and was again denied. Again, on January 22, 1945, the request was renewed, this time based upon a report made by Dr. L. M. Halloran, dated January 17, 1945, he being the same person who had examined claimant in October, 1943. In this report, Dr. Halloran stated: "This claimant has suffered an injury of his spine in the nature of a compression fracture of the 10th, 11th, and 12th dorsal vertebrae and has a hypertrophic osteo-arthritis of the spine. There is no appreciable difference in his present condition than when examined on October 8, 1943. The claimant is a coal loader and has never made a recovery to the extent that it would permit him to return to his occupation at loading coal. Industrially, this claimant is unable to follow his occupation, however,

the claimant appears to be in satisfactory physical condition to permit him to do something of a light nature. I consider the claimant totally and permanently unfit for heavy industrial work." Based on this report, the commissioner reopened the case on January 29, 1945, and referred claimant to Dr. Jay L. Hutchinson, who made a report on February 23, 1945, in which he stated that claimant was "suffering considerably from the ravages of old age and has rather pronounced hypertrophic arthritis of the spine. * * * I feel that the 65% disability which has been awarded this individual is certainly adequate and, frankly, considerably in excess of what his disability should have warranted." On February 28, 1945, the commissioner denied claimant any additional compensation. Claimant protested this order, and a hearing was held on March 19, 1945. On May 3, 1945, the commissioner finally denied claimant additional compensation "on the ground that there has been no showing of a progression or aggravation of the claimant's condition or any fact or facts not heretofore considered by the Commissioner in making his former award, and therefore, the claimant has been amply compensated for any disability arising out of his injury of June 1, 1939. * * *" This ruling of the commissioner was appealed from, and the appeal board, by an order dated August 11, 1945, reversed the commissioner, and remanded the case to the commissioner with direction to pay claimant on a total and permanent disability basis, and from that order we granted this appeal.

On February 27, 1945, in the case of *Blevins* v. *State Compensation Commissioner*, 127 W. Va. 481, 33 S. E. 2d 408, we held:

> "In a compensation case, where the compensation commissioner makes a finding of permanent partial disability, and an award of compensation based thereon, which award becomes final by failure to protest against or appeal therefrom, the case cannot be reopened, or any further award of compensation made therein unless there is a showing of 'a progression or

> aggravation in claimant's condition, or some other fact or facts which were not theretofore considered by the commissioner in his former findings, and which would entitle such claimant to a greater benefit than he has already received * * *'. Acts of the Legislature, 1939, Chapter 137, Article 5, Sections 1-a and 1-b."

In our opinion this case comes squarely within our holding in the *Blevins* case. In October, 1943, Dr. Halloran examined claimant and stated that, based on his then existing condition, he considered him totally and permanently disabled. Claimant was subsequently examined by other physicians who reported that, in their opinion, he was totally and permanently disabled. It clearly appears on the face of the record that his claim of total disability was made as early as October, 1943. The commissioner evidently did not feel that an award of compensation on that basis could be justified, but made an additional award of fifteen per cent, which brought the awards to the total justified and required on the basis of a sixty-five per cent permanent partial disability. After being denied a reopening of the case in two instances, the commission finally reopened the case on January 29, 1945, upon the report made by the same Dr. Halloran who had examined claimant in October, 1943, and that report, among other things, specifically states that on being examined in January, 1945, the examiner found "no appreciable difference in his (claimant's) present condition than when examined on October 8, 1943." On this basis of fact, the commissioner erred in reopening the case, and in doing so he plainly violated the provisions of Section 23-5-1-b, for the reason that not only was there a failure to show progression or aggravation of claimant's condition, or some other facts which had not theretofore been considered by the commissioner in his former findings, but there was an express and affirmative statement that his condition had not appreciably changed. While the commissioner made this error, he corrected it, as he had the right to do, when he later refused to allow further compensation because of the

lack of such progression or aggravation, or the showing of any fact or facts not theretofore considered in the making of his former awards.

We think the commissioner was plainly right in refusing to allow further compensation. It is contended by counsel for claimant that the case having been reopened, the commissioner was then warranted in considering the entire record, and making such award as in his judgment was fair and right, and if he made an improper award his ruling could be corrected by the appeal board. We do not think this contention can be sustained. It is true that Sections 1-a and 1-b, Article 5, Chapter 23, of the Code, as amended, bear solely upon the reopening of a claim; but those sections are nothing more than declaratory of what this Court has frequently held, namely, that where the merits of a claim have been finally passed upon, and there is no objection or appeal therefrom, the case cannot again be considered upon the same facts. We have only to refer to *Heaton* v. *Compensation Commissioner,* 106 W. Va. 563, 146 S. E. 368; *Kincannon* v. *Ott, Commissioner,* 108 W. Va. 428, 151 S. E. 311; *Johnson* v. *State Compensation Commissioner,* 109 W. Va. 316, 154 S. E. 766; *Nichols* v. *State Compensation Commissioner,* 111 W. Va. 34, 160 S. E. 854; *Watkins* v. *State Compensation Commissioner,* 111 W. Va. 126, 161 S. E. 20; *Burdette* v. *State Compensation Commissioner,* 111 W. Va. 299, 161 S. E. 556; *Myers* v. *State Compensation Commissioner,* 113 W. Va. 316, 167 S. E. 740; *Bell* v. *State Compensation Commissioner,* 113 W. Va. 571, 169 S. E. 162. All of these cases were decided before the enactment of Sections 1-a and 1-b of Article 5, Chapter 23, of the Code, as amended, and all of them are referred to in *Blevins* v. *State Compensation Commissioner, supra.* Of course, since the enactment of these two sections it has been uniformly held that a case cannot be reopened unless there is a *prima facie* showing of a progression or aggravation of claimant's condition, or the development of some fact not theretofore considered by the commissioner. *Mason*

408

v. *Workmen's Compensation Appeal Board,* 121 W. Va. 444, 4 S. E. 2d 791; *Reed* v. *Compensation Commissioner,* 124 W. Va. 37, 18 S. E. 2d 793; *Felty* v. *Compensation Commissioner,* 124 W. Va. 75, 19 S. E. 2d 90.

Therefore, the case having been improperly reopened, the commissioner was not, on the final hearing, precluded from applying the rule laid down in the cases cited above, namely, that there can be no additional award of compensation where the facts are the same as those considered on former awards, and there is presented no question not considered in making such former awards. The Court adheres to the principle laid down and reiterated in the cases cited, and is impelled thereby to reverse the order of the appeal board and reinstate that of the compensation commissioner.

*Reversed.*