510 S.E.2d 486

**STATE of West Virginia, ex rel. Robert FRAZIER and Lindy Lee Frazier, By Robert Frazier, her next friend, Petitioners,**

v.

**The Honorable John HRKO, Judge of the Circuit Court of Wyoming County, West Virginia; Eastern Associated Coal Corporation, a West Virginia Corporation; Pocahontas Land Corporation, a Foreign Corporation; Chris Cline, individu-**

ally and as president of Pioneer Fuel Corporation; Pioneer Fuel Corporation, a West Virginia corporation; Top Flite Coal Company, Inc., a West Virginia corporation; and Justin Construction Company, a West Virginia corporation, Respondents.

No. 25136.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 8, 1998.

Decided Dec. 7, 1998.

Stuart Calwell, Esq., Mary McQuain, Esq., Calwell & McCormick, Tom Wilson, Esq., Wilson Law Offices, Charleston, West Virginia, Attorneys for Petitioner.

Scott W. Andrews, Esq., Offutt, Fisher & Nord, Huntington, West Virginia, Attorney for Respondent Top Flite Coal Company, Inc.

Donald O'Dell, Esq., Lamp, O'Dell, Bartram, Entsminger, Levy & Trautwein, Huntington, West Virginia, Attorney for Respondent Pioneer Fuel Corporation.

William R. Slicer, Esq., Shuman, Annand & Poe, Charleston, West Virginia, Attorney for Respondent Eastern Associated Coal Corporation.

STARCHER, Justice:

This petition for a writ of prohibition arises from a lawsuit in which the petitioner, Robert Frazier, alleged he was injured on the job through the negligence of his employer, a company (or possibly two companies) that had been declared in default of the employer's obligations under the West Virginia Workers' Compensation Act ("the Act"). Under the Act, if an employer fails to abide by certain statutory requirements, then the employer forfeits any protections provided by the Act, may be subjected to common-law liability, and is prohibited from relying on any common-law defenses.

The petition raises the following question: may a trial court submit to a jury the question of whether an employer is in default of its obligations under the West Virginia Workers' Compensation Act in a personal injury lawsuit, when the West Virginia Workers' Compensation Commissioner has previously issued an order finding the employer to be in default? We hold that when an employer is declared to be in default of its workers' compensation obligations by the

Commissioner, the Commissioner's ruling cannot be collaterally attacked and is binding in subsequent proceedings considering the same issue.

As set forth below, we grant the petitioner a writ of prohibition to prevent the trial court from submitting the question of the petitioner's employer's default to the jury.

I.

*Facts and Background*

The respondents in this case are Pioneer Fuel Corporation ("Pioneer") and Top Flite Coal Company, Inc. ("Top Flite"). The petitioner argues that in February 1989, both companies were owned by, and under the direction and control of, Chris Cline.[1] The respondents contend that Pioneer leased coal mining rights at the Edna Ruth Mine # 1 in Wyoming County, West Virginia, and that Pioneer then contracted with Top Flite to perform the work of extracting the coal.

The petitioner alleges in his petition that in February 1989 he was employed by both Pioneer and Top Flite. On February 22, 1989, the petitioner was operating a bulldozer at the Edna Ruth Mine # 1—at night in rainy, foggy conditions, and next to a highwall. An earth slide occurred. Rocks, mud, and debris fell off the highwall and onto the cab of the bulldozer. The petitioner was severely injured and incurred over $28,000 in medical bills.

Shortly after the accident, the petitioner filed a claim for workers' compensation benefits. The claim form submitted by the petitioner contains a section that was "to be completed by the employer." That section indicates that Pioneer was the petitioner's employer. On March 3, 1989, the petitioner's claim was ruled compensable by the Commissioner, and the ruling notes that Pioneer was the petitioner's employer. Pioneer did not appeal the Commissioner's ruling.

On January 8, 1990, a representative for Pioneer mailed a letter to the Commissioner saying that the petitioner "entered the wrong

---

**1.** Mr. Cline was originally a defendant in this action, but appears to have settled and been dismissed.

employer on his original" claim form and that the incorrect information was accidentally duplicated by the employer's representative who completed the employer's portion of the form, and asked that the Commissioner note that the "correct employer is Top Flite Coal Company, Inc." The Commissioner subsequently entered an order finding that respondent Top Flite was the correct employer. Top Flite similarly did not appeal this ruling.

In February 1991, the petitioner filed a complaint in the Circuit Court of Wyoming County seeking damages from respondents Pioneer and Top Flite (and from numerous other defendants that have since settled). The complaint alleged various theories in tort.[2] In the complaint, the petitioner alleged that he was only employed by Top Flite, and that he was injured through the deliberate intent of his employer. *See W.Va. Code*, 23–4–2 [1994], *infra* at note 4.[3] Pioneer and Top Flite filed a consolidated answer to the complaint, and asserted that Top Flite was entitled to the immunity from liability provided to employers who contribute to the Workers' Compensation Fund. *See W.Va. Code*, 23–2–6 [1991], *infra* section III.

The petitioner alleges that Pioneer and Top Flite failed to respond to discovery requests concerning whether they were in "good standing" with the Workers' Compensation Fund. Shortly before the May 11, 1998 trial date, in response to a Freedom of Information Act request,[4] the petitioner received documents from the Workers' Compensation Division indicating that Top Flite was in default of its obligations under the West Virginia Workers' Compensation Act at the time of the petitioner's work-related injury.

Upon receiving the documents, on May 7, 1998 (4 days before trial) the petitioner filed a motion for summary judgment on two is-

sues. First, the petitioner sought an order declaring that because Top Flite was default of its statutory obligations under the Act, Top Flite was not entitled to assert the immunity provided by the Act. Second, the plaintiff sought an order, pursuant to *W.Va. Code*, 23–2–8 [1991] that would prohibit Top Flite from asserting three common-law defenses at trial: comparative negligence, assumption of the risk, and the fellow-servant doctrine.

On the first day of trial, the petitioner advised the trial court that the Commissioner had issued orders declaring that *both* Top Flite and Pioneer were in default to the Workers' Compensation Fund on the date the petitioner was injured, and presented the court with evidence from the Workers' Compensation Division supporting this contention.[5] The petitioner argued that he intended to present a "simple" negligence case against both Pioneer and Top Flite, and argued that he would not present any evidence that either company acted with the statutorily-defined "deliberate intent" in causing his injuries. The petitioner asked that the trial court grant a partial summary judgment against both Pioneer and Top Flite and prohibit both companies from relying upon the workers' compensation immunity provision and from asserting the aforementioned common-law defenses.

The petitioner asserted that whether the respondents were in default of their obligations under the Act was a question of law. The petitioner also asserted that the issue of default should not be presented to the jury because to do so would place upon the petitioner the burden of proving both a negligence action and a deliberate intent action at

---

**2.** The petitioner also filed loss of consortium claims on behalf of his infant daughter, Lindy Lee Frazier.

**3.** Over 9 years have passed since the petitioner's 1989 injury, and in that time period the Legislature has made many substantial amendments and revisions to the statutes contained within the Workers' Compensation Act. For the sake of consistency, unless otherwise noted, this opinion will refer to the most recently enacted versions of the statutes.

**4.** The West Virginia Freedom of Information Act, *W.Va.Code*, 29B–1–1 to –7.

**5.** The petitioner subpoenaed the records custodian of the Workers' Compensation Legal Division, requiring the custodian to bring the records of Top Flite *and* Pioneer to the court on the first day of trial. The trial court refused to hear the custodian's testimony and evidence, but allowed the petitioner to vouch the evidence into the record.

the same time.[6]

The trial court denied the motion for partial summary judgment and required the petitioner to prove workers' compensation default to the jury as a question of fact.[7]

The petitioner then sought the instant writ of prohibition from this Court.

## II.

### Standard of Review

 We must first determine whether prohibition is appropriate in the instant case. "The rationale behind a writ of prohibition is that by issuing certain orders the trial court has exceeded its jurisdiction, thus making prohibition appropriate." *State ex rel. Allen v. Bedell,* 193 W.Va. 32, 36, 454 S.E.2d 77, 81 (1994) (Cleckley, J., concurring). As such, "writs of prohibition ... provide a drastic remedy to be invoked only in extraordinary situations." 193 W.Va. at 37, 454 S.E.2d at 82. More specifically,

... this Court will use prohibition ... to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.

Syllabus Point 1, in part, *Hinkle v. Black,* 164 W.Va. 112, 262 S.E.2d 744 (1979).

 There are five factors that this Court will consider in determining whether to issue a writ of prohibition:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or

**6.** A negligence action requires the plaintiff prove that a defendant had a duty, breached the duty, that the plaintiff suffered some injury, and that the breach of the duty by the defendant proximately caused the plaintiff's injury. A deliberate intent action arises under *W.Va.Code,* 23–4–2 [1994], and requires a worker to either prove that his employer "consciously, subjectively and deliberately formed" an intent to cause a specific injury to the worker, or prove the following five factors:

(A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

(B) That the employer had a subjective realization and an appreciation of the existence of such specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by such specific unsafe working condition;

(C) That such specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of such employer, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A)

through (C) hereof, such employer nevertheless thereafter exposed an employee to such specific unsafe working condition intentionally; and

(E) That such employee so exposed suffered serious injury or death as a direct and proximate result of such specific unsafe working condition.

*W.Va.Code,* 23–4–2(c)(2)(i) and (ii) [1994]. *See generally, Bell v. Vecellio & Grogan, Inc.,* 197 W.Va. 138, 475 S.E.2d 138 (1996) (holding, at Syllabus Point 2, that "W.Va.Code 23–4–2(c) (1991) represents the wholesale abandonment of the common law tort concept of a deliberate intention cause of action by an employee against an employer, to be replaced by a statutory direct cause of action by an employee against an employer expressed within the workers' compensation system.")

**7.** In denying the petitioner's motion for summary judgment, the trial court stated:

THE COURT: I'm going to deny your motion. I'll let you prove that to the Jury.... Let them make a decision. We'll give an instruction on it. If it's the law, that's what the instructions are for. We'll give them the instruction on it and let them decide....

MR. WILSON [counsel for petitioner]: May I just briefly? I think its just a matter of law. If you're in default, you cannot assert a statutory defense.

THE COURT: Everything is a matter of law that I read to the Jury as an instruction.... It's a matter of law, and let them make the determination.

prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (W.Va. 1996).

■ Applying these factors, we find that the petitioner has no plain, speedy, and adequate remedy in the ordinary course of law. Petitioner Frazier contends that the trial court's ruling is clearly erroneous as a matter of law. As a result of the trial court's ruling, both parties would be compelled to go through an expensive, complex trial and appeal from a final judgment, and we determine there is a high likelihood of reversal on appeal. The unreasonableness of the delay and expense is apparent. The petitioner also contends the trial court's ruling interferes with the Commissioner's authority to administer the Workers' Compensation Fund. The remedy of appeal is usually deemed inade-

quate in these situations, and prohibition is allowed.

## III.

### Discussion

We are asked in this case to determine a straightforward issue: in a personal injury lawsuit, may a trial court submit to a jury the question of whether an employer is in default of its statutory obligations under the Workers' Compensation Act? Before addressing this question, we must first address what appears to be a misconception by the trial court concerning our workers' compensation statutes.

■ The petitioner in this case presented evidence indicating that both respondents had been declared to be in default at the time of the petitioner's injury. However, the trial court apparently believed that a question of fact existed because the petitioner received workers' compensation benefits for his injury.[8] This position by the trial court, while understandable, is incorrect.

Under the Act, to be entitled to benefits from the Workers' Compensation Fund, a claimant need only show he or she has sustained a personal injury in the course of and resulting from his or her employment for a West Virginia employer. *W.Va.Code*, 23-4-1 [1989]. A claimant is entitled to recover benefits from the Fund regardless of the employer's status with the Fund. The 1986 version of *W.Va.Code*, 23-2-5(g) [1986], in

---

8. The transcript of the proceedings before the trial court demonstrates the court's, as well as counsel for Top Flite's, misunderstanding of the Act:

MR. ANDREWS [counsel for Top Flite]: Well, first of all, your Honor, Mr. Frazier has received Workers' Compensation benefits. It's my understanding that he's been awarded a lifetime award. I think that they're precluded from arguing that Top Flite was not in good standing and try to strip Top Flite of its Workers' Compensation immunity when in fact Mr. Frazier received all of his benefits.

Second, I obtained a copy of a letter from Workers' Compensation which was sent to Mr. Frazier.... This letter states ... "Your claim has been ruled compensable...." [The letter] raises no issues about whether or not Top Flite was in good standing or not ...

THE COURT: You want to—you want to present evidence to the jury that this is just a simple negligence case, or want me to stop them from presenting any evidence beyond a simple negligence case.... Because Top Flite was in default and he wasn't paid benefits.

MR. CALWELL [counsel for petitioner]: He was paid benefits.

THE COURT: Oh, he wasn't—well, he wasn't paid benefits under the name of Top Flite. Originally, he was paid under Pioneer Fuel.

MR. CALWELL: But payment is irrelevant, Judge....

THE COURT: I'll tell you what I'm going to do. I'm going to deny the motion. I'll let you prove that to the Jury.... In good standing cases are for when somebody doesn't receive money from Workmen's Compensation.

effect at the time of the petitioner's 1989 injury, specifically provided that:

> No employee of an employer required by this chapter to subscribe to the workers' compensation fund shall be denied benefits provided by this chapter because the employer failed to subscribe or because the employer's account is either delinquent or in default.[9]

The fact that the petitioner in this case received benefits from the Fund is therefore irrelevant to a determination of whether the respondents were in default under the Act.

Determining whether an employer is in default of its obligations under the Workers' Compensation Act is an issue that requires an examination of several statutes. *W.Va. Code*, 23–2–1(a) [1986] required certain employers "to subscribe to and pay premiums into" the Fund, and to comply with "all requirements of this chapter and all rules and regulations prescribed by the commissioner...."[10] When an employer subscribes to and pays premiums into the Fund, and complies with all other requirements of the Act, the employer is entitled to immunity for any injury occurring to an employee and "shall not be liable to respond in damages at common law or by statute." *W.Va. Code*, 23–2–6 [1991].[11]

Conversely, when an employer is in default and has not "complied fully with all other provisions of this chapter," under *W.Va. Code*, 23–2–6 [1991] the employer is not entitled to immunity in an action by an injured employee. As an additional incentive to encourage compliance with the Act, *W.Va. Code*, 23–2–8 [1991] holds that an employer in default of its obligations under the Act may not only be held liable for damages resulting from the employer's negligence, but is also prohibited from exercising certain common-law defenses. This section states, in pertinent part:

> All employers required by this chapter to subscribe to and pay premiums into the workers' compensation fund, ... and who do not subscribe to and pay premiums into the workers' compensation fund as required by this chapter, ... or having so subscribed and elected, shall be in default in the payment of same, or not having otherwise fully complied with the provisions of section five [*W.Va. Code*, 23–2–5 [1995]] ... of this article, shall be liable to their employees ... for all damages suffered by reason of personal injuries sustained in the course of employment caused by the wrongful act, neglect or default of the employer ... and in any action by any such employee or personal representative thereof, such defendant shall not avail himself of the following common-law defenses: The defense of the fellow-servant rule; the defense of the assumption of risk; or the defense of contributory negligence; and further shall not avail himself of any defense that the negligence in question was that of someone whose duties are prescribed by statute....

*W.Va. Code*, 23–2–8 [1991].[12]

*W.Va. Code*, 23–2–8 [1991] indicates that an employer may be subject to civil liability if

---

9. *W.Va.Code*, 23–2–5(g) was amended in 1995. No changes were made affecting this opinion.

10. *W.Va.Code*, 23–2–1 was amended in 1995. No changes were made affecting this opinion.

11. This statute is also known as the "exclusivity" provision, as it makes workers' compensation benefits the exclusive remedy for personal injuries sustained by an employee injured in the course of and resulting from his or her covered employment.

12. We have repeatedly held that, while the defendant-employer may be stripped of its common-law defenses, the plaintiff-employee still bears the burden of proving his or her injuries were the result of the employer's negligence. For example, in *Zinn v. Cabot*, 88 W.Va. 118, 121–22, 106 S.E. 427, 428 (1921) we said:

> It appears that the defendant did not avail himself of the benefits of the Workmen's Compensation Act, and is, therefore, deprived of certain defenses of which he could have taken advantage prior to the passage of that act. However, even since the passage of that act, one who does not take advantage of it is not liable in damages for every injury sustained by his employés. The basis of such an action is negligence, and unless some negligence is traced to the employer there is no cause of action. This negligence may be some defect in the working place, or may be some improper method of doing the work by some of the injured employé's fellow servants, but unless there is some failure upon the part of the employer to do something which he should do for the employé's safety, or the commission of some act by him or his servants which results in the injury, there can be no recovery.

the employer fails to comply with the numerous requirements contained in *W.Va.Code*, 23–2–5. *W.Va.Code*, 23–2–5(a) [1986] in effect at the time of the petitioner's injury, specifically required employers to pay premiums into the Fund quarterly, and "[a]t the time each premium is paid, every subscribing employer shall make a payroll report to the commissioner for the preceding quarter." *W.Va.Code*, 23–2–5(a) [1986].[13]

In this case, the petitioner alleges that respondents Pioneer and Top Flite were in default under the Act, as a matter of law, for failing to file payroll reports as required by *W.Va.Code*, 23–2–5(a) [1986]. The Act stated that the "[f]ailure of an employer ... to timely file a payroll report ... shall cause the employer's account to become delinquent." *W.Va.Code*, 23–2–5(b) [1986]. *W.Va.Code*, 23–2–5(d) [1986] went on to state that "[f]ailure by the employer ... to resolve his or her delinquency within [thirty days] shall place the account in default and shall deprive such defaulting employer of the benefits and protection afforded by this chapter, including [*W.Va.Code*, 23–2–6], and he or she shall be liable as provided in [*W.Va.Code*, 23–2–8]. ..."[14]

▪ We believe that, under *W.Va.Code*, 23–2–5(d) [1986], when an employer fails to file payroll reports, and in the absence of any rulings by the Commissioner concerning such failure, an employer may be held to be in default as a matter of law if no questions of material fact exist. A trial court may submit the question to a jury if the Commissioner has made no determination of an employer's default and the material facts are in dispute.[15]

However, in this case, the petitioner presented the trial court with an additional, and conclusive, fact: the Workers' Compensation Commissioner had issued final, unappealed orders declaring that both Pioneer and Top Flite were in default of their obligations at the time of the petitioner's work-related injury.

▪ The petitioner presented to the trial court a June 1, 1987 order from the Commissioner to Top Flite, wherein the Commissioner notified Top Flite that its "workers' compensation account has become delinquent because you have not filed your quarterly payroll report for the quarter ending 03/31/87." Pioneer Fuel Corporation received two similar orders from the Commissioner dated August 25, 1988 and February 21, 1989, holding that its account "has become delinquent because you have not filed your quarterly payroll report for the quarter[s] ending" on June 30, 1988, and December 31, 1988. In all three orders, the respondents were given notice that if the payroll reports were not filed within 30 days, the respondents would lose their immunity from civil

---

**13.** This *Code* section is now codified at *W.Va. Code*, 23–2–5(a)(2) [1995].

**14.** *W.Va.Code*, 23–2–5(d)[1986] stated:

Failure by the employer, who is required to subscribe to the fund and who fails to resolve his delinquency within the prescribed period, shall place the account in default and shall deprive such defaulting employer of the benefits and protection afforded by this chapter, including section six of this article, and he shall be liable as provided in section eight of this article. The defaulting employer's liability under section eight of this article shall be retroactive to twelve o'clock p.m., of the last day of the month following the end of the quarter for which the delinquency occurs. The commissioner shall notify the defaulting employer of the method by which the employer may be reinstated with the fund. The commissioner shall also notify the employees of such employer by written notice as hereinafter provided for in this section.

This *Code* section was amended in 1991, 1993, and 1995; no changes were made affecting this opinion.

**15.** For example, in this case the petitioner alleges that the respondents are in default for failing to file payroll reports. The respondents have introduced no evidence showing that payroll reports were filed with the Commissioner, and that the Commissioner misplaced those reports. Instead, Pioneer and Top Flite contend that a question of fact exists because there is evidence in the record that the companies *paid their workers' compensation premiums*. We disagree because no question of material fact exists regarding the respondents' failure to file payroll reports. The Workers' Compensation Act requires that an employer timely file payroll reports, and the failure to do so in and of itself renders the employer in default. We therefore believe that summary judgment for the petitioner would have been proper on this record.

liability and be required to pay other penalties before being returned to "good standing."

The petitioner proffered evidence to the trial court that both respondents were in default on the date of the petitioner's injury, February 22, 1989. Top Flite went into default effective May 1, 1987, and attempted to cure its default by filing an "application for reinstatement to good standing" on April 5, 1989—shortly after the petitioner's injury. However, on October 2, 1989, the Commissioner voided the application for reinstatement because Top Flite again failed to file the required payroll reports and pay the premiums due on June 30, 1989. Top Flite did not return to good standing until October 1, 1997. The petitioner also proffered evidence showing that Pioneer was in default from August 1, 1988 until July 31, 1990.

The Act makes clear that the Workers' Compensation Commissioner "has the sole responsibility for the administration of this chapter." *W.Va.Code*, 23–1–1 [1984]. In this case, the Commissioner acted in accord with his statutory duties and issued orders declaring both of the respondents in default for failing to file payroll reports. The Act sets forth the procedure an employer must follow in order to challenge such a determination:

> [I]n any situation where an employer objects to a decision or action of the commissioner made under the provisions of this article, then such employer shall be entitled to file a petition demanding a hearing upon such decision or action which petition must be filed within thirty days of the employer's receipt of notice of the disputed commissioner's decision ... such time limitations being hereby declared to be a condition of the right to litigate such decision or action and hence jurisdictional. The employer's petition shall clearly identify the decision or action disputed and the bases upon which the employer disputes the decision or action. Upon receipt of such a petition, the commissioner shall schedule a hearing which shall be conducted in accordance with the provisions of article five, chapter twenty-nine-a of this code. An appeal from a final decision of the commissioner shall be taken in accord

with the provisions of articles five and six of said chapter: Provided, That all such appeals shall be taken to the circuit court of Kanawha county.

*W.Va.Code*, 23–2–17 [1990].

In this case, the Commissioner issued valid orders declaring that Top Flite was in default under the Act effective May 1, 1987, and that Pioneer was in default effective August 1, 1988. Neither order was appealed. The proper remedy for the respondents under *W.Va.Code*, 23–2–17 [1990] would have been to file objections to the Commissioner's decision with the Commissioner, and if dissatisfied with the Commissioner's ruling, to appeal the decision to the Circuit Court of Kanawha County. When the Commissioner addresses the merits of a particular matter and issues a final order, "and there is no objection or appeal therefrom, the case cannot again be considered upon the same facts." *Igo v. State Compensation Comm'r*, 128 W.Va. 402, 407, 36 S.E.2d 690, 693 (1946). Because the orders of the Commissioner were not properly appealed, they are final and binding upon the trial court on the issue of whether Pioneer and Top Flite were in default to the Fund on the date of the petitioner's injury.

It is generally held that an administrative decision by a workers' compensation tribunal cannot be collaterally attacked in another tribunal. *See Matters Concluded, in Action at Law to Recover For the Same Injury, By Decision Or Finding Made In Workmen's Compensation Proceeding*, 84 A.L.R.2d 1036 [1962]. *See also, Rymer v. Hagler*, 211 Cal.App.3d 1171, 260 Cal.Rptr. 76 (Ct.App.1989) (workers' compensation judge ruled that employer had secured workers' compensation insurance coverage; employee was collaterally estopped from challenging ruling in a civil action for damages, and employer could assert statutory immunity from suit). We believe such a rule should be adopted in West Virginia concerning final orders relating to default and in-good-standing issues by the Workers' Compensation Commissioner.

We hold that under *W.Va.Code*, 23–2–5(d) [1986], in the absence of a final rul-

ing[16] by the Workers' Compensation Commissioner, a trial court may find an employer in default under the Workers' Compensation Act. However, if the Commissioner has made a final ruling that an employer is in default, then the Commissioner's ruling is binding upon a trial court. The Commissioner's ruling may not be collaterally attacked in a subsequent proceeding considering the same issue, and the employer's proper remedy is to seek review of the ruling through the appellate process established by *W.Va.Code*, 23–2–17 [1990].

We believe that the trial court in this case exceeded its legitimate powers and impinged on the jurisdiction of the Commissioner by failing to accept the Commissioner's determination that Pioneer and Top Flite were in default of their workers' compensation obligations. To the extent that Pioneer and Top Flite employed the petitioner, they may not collaterally challenge in a jury trial the Commissioner's order finding them to be in default.[17] We therefore grant the requested writ of prohibition.

### IV.

#### Conclusion

Because the Commissioner has previously issued a final, unappealed order that Pioneer and Top Flite were in default of their workers' compensation obligations, Pioneer and Top Flite cannot collaterally attack the Commissioner's ruling in the trial court below.[18] As a matter of law, both companies were in default of their statutory obligations under the Act, and this question may not be submitted to a jury.

As a matter of law, to the extent both companies were employers of the petitioner, under *W.Va.Code*, 23–2–8 [1991] both compa-

nies may be liable for all damages for personal injuries sustained by the petitioner in the course of his employment caused by any wrongful act, neglect or default of the employers.

Furthermore, neither employer may assert the immunity from suit provided by *W.Va. Code*, 23–2–6 [1991], nor assert the common-law defenses of the fellow-servant rule, the assumption of the risk, and comparative negligence.

Based upon the foregoing, we grant the writ of prohibition.

Writ Granted.

Chief Justice DAVIS and Justices WORKMAN, MAYNARD and McCUSKEY joined in the Opinion of the Court.

Justice McGRAW did not participate.

---

16. A final order is one that " 'leaves nothing to be done but to enforce by execution what has been determined.' " *James M.B. v. Carolyn M.*, 193 W.Va. 289, 292, 456 S.E.2d 16, 19 (1995) (citations omitted).

17. In this case, Top Flite admits it was the petitioner's employer on the date the petitioner was injured, while Pioneer disputes that it ever employed the petitioner. The petitioner asserts both companies were in the position of being his employer.

We do not resolve this factual dispute concerning Pioneer's employer status, and leave it to be

addressed by the trial court. We stress, however, that our ruling today is applicable to Pioneer only to the extent it acted as the petitioner's employer.

18. Our ruling today is limited to employer default rulings by the Commissioner. We decline to consider the impact on trial court proceedings of rulings by the Commissioner concerning other issues (such as whether a claimant was an employee, or whether an injury occurred in the course of employment or was otherwise compensable).